PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL CARRERO CUETO, Defendant and Appellant.

No. 5116.  Argued May 10, 1933.—Decided May 12, 1933.

*H. Miranda Negrón* for appellant.  *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Rafael Carrero Cueto was accused in the District Court of Aguadilla of having borne a weapon illegally. Originally the case was to have been heard in Aguadilla following the hearing of an information for murder, but upon motion of the defendant, agreed to by the district attorney, the case was transferred to Arecibo. The jury disagreed in the murder case and then the transfer was made.

Some of these facts only appear in the briefs of the parties. The record does not recite all that took place in the District Court of Aguadilla.

However, when the case was called for trial in the District Court of Arecibo, the defendant asked that the prosecution be dismissed because more than 120 days had passed since the filing of the complaint. The court overruled the motion.

On appeal the appellant maintains first, that the period of 120 days should be counted from the time of the filing of the case in Aguadilla, namely, the 23rd of April, 1932. It was pending there until removed on the 2nd of July. The removal was made at the instance of the defendant and we agree with the *Fiscal* that the former would be estopped to raise any question as to the commencement of the prosecution—other than the filing in the District Court of Arecibo. This contention is supported by the words of section 176 of the Code of Criminal Procedure, as follows:

"The court to which the action is removed must proceed to trial and judgment therein as if the action had been commenced in such court. If it is necessary to have any of the original pleadings or other papers before such court, the court from which the action is removed must at any time, upon application of the prosecuting attorney or the defendant, order such papers or pleadings to be transmitted by the clerk, a certified copy thereof being retained."

This section presupposes that the time should run from the filing of the case in Arecibo.

We likewise think that section 448 itself provides an exception, because on obtaining the change of venue the case was postponed upon the application of the defendant, an exception named in the statute.

The appellant also maintains that his case was not heard within 120 days of the filing of the case in Arecibo. As we have seen, the case was filed in Arecibo on the 2nd of July

and was set for the 31st of October, 1932, within the 120 days. Then, for some reason not fully revealed in the record, the District Court of Arecibo found that it needed the original complaint and proceeded to order that it be sent to the said court in accordance with section 176 of the Code of Criminal Procedure, *supra*. Therefore, we agree with the *Fiscal* that when the case was postponed from the 31st of October to a later date, it was not done without cause. We likewise agree that the presumption was, in the absence of a showing to the contrary, that the court under the recited circumstances had a good reason for postponing the trial.

The judgment appealed from should be affirmed.